UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF  :  1:17-mc-00489-KPF
NICOLE SOFIA JACUBOVICH AND          :
CALANIT DIVA JACUBOVICH              :
FOR AN ORDER TO TAKE DISCOVERY       :
PURSUANT TO 28 U.S.C. § 1782         :
------------------------------------------------------------X

## SUPPLEMENTAL MEMORANDUM OF LAW
## IN SUPPORT OF APPLICATION FOR AN
## ORDER PURSUANT TO 28 U.S.C. § 1782

Applicant Nicole Sofia Jacubovich, an individual residing in the City of Buenos Aires, Argentina, and Applicant Calanit Diva Jacubovich, an individual residing in the City of Buenos Aires, Argentina (collectively, "Applicants"), submit this supplemental Memorandum of Law as directed by the Order of the Honorable Katherine Polk Failla, United States District Judge, dated and entered December 8, 2017 (the "Order"),[1] and in further support of their *ex parte* application for an Order, pursuant to 28 U.S.C. § 1782 ("Section 1782"), authorizing the issuance of subpoenas directing the Development Corporation for Israel ("DCI"), Computershare Inc. ("Computershare"), the Bank of Nova Scotia, and the Bond Department, Ministry of Finance, Government of Israel (the "Bond Department") – all of which may be found in the Southern District of New York – to produce documents and give deposition testimony for use in an Argentine criminal proceeding (the "Argentine Proceeding") pending before an Argentine criminal court. For the reasons that follow, this application should be granted in its entirety.

---

[1] A true and correct copy of the Order is attached to the Supplemental Declaration of Kathleen M. Kundar, Esq., dated December 22, 2017 (the "Suppl. Kundar Decl."), as Exhibit A.

# ARGUMENT

By the Order, this Court directed Applicants to address the "constitutional due process issues raised by" the Supreme Court's opinions in *BNSF Railway Co. v. Tyrrell*, 137 S.Ct. 1549 (2017), *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014), and *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) (collectively, the "*Daimler* Trilogy") and "explain why constitutional due process requirements do not apply here or why those requirements have been met." Ex. A to Suppl. Kundar Decl., p.2.

The *Daimler* Trilogy redefined the constitutional limits on the power of domestic courts to exercise general *in personam* jurisdiction, particularly over corporations and other legal entities. The Supreme Court, speaking through Justice Ginsburg in all three cases, declared that a legal entity may be subject to a domestic court's *general* jurisdiction only when its "affiliations within the State are so 'continuous and systematic' as to render them essentially *at home* in the forum State." *Daimler*, 134 S.Ct. at 754 (quoting *Goodyear*, 564 U.S. at 919) (emphasis added). Outside of an "exceptional case," a legal entity is "at home" where it is incorporated and where its principal place of business is located. *Daimler*, 134 S.Ct. at 760-61, 761 n.19.

On the other hand, *specific* jurisdiction permits a court to exercise power over a legal entity when the issues or claims before the court "aris[e] out of or relat[e] to the [entity's] contacts with the forum." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

Assuming *arguendo* that due process requirements apply to requests for assistance to foreign tribunals and foreign litigants made pursuant to Section 1782,[2] Applicants submit that the

---

[2] *See In re Sergeant*, 2017 WL 4512366 (S.D.N.Y. Oct. 10, 2017), and *Australia & New Zealand Banking Group Ltd. v. APR Energy Holding Ltd.*, 2017 WL 3841874 (S.D.N.Y. Sept. 1, 2017),

2

facts contained in the Suppl. Kundar Decl. and the Declaration of Melina Shapira, dated December 22, 2017 (the "Shapira Decl."), fulfill the constitutional requirements of the *Daimler* Trilogy. We shall examine each putative subpoenaed party separately.

As detailed in Applicants' opening papers, this action centers on Applicants' efforts to recover the proceeds of two Israeli Government Bonds, Jubilee Issue, Seventh Series, which Applicants inherited from their great-uncle, Manuel Jacubovich ("Manuel"). Shapira Decl. ¶ 1. One of the bonds matured in May 2014 (the "First Bond"). Shapira Decl. ¶ 2. The other bond matured in July 2014 (the "Second Bond"). Shapira Decl. ¶ 3.

## I. DCI – Development Corporation for Israel

DCI is incorporated in the State of New York, is based in New York County, and maintains its "Principal Executive Office" at 641 Lexington Avenue, 9th Floor, New York, New York 10022. Suppl. Kundar Decl. ¶ 4; *see also* Ex. B to Suppl. Kundar Decl. Furthermore, DCI's website states that DCI is located at 641 Lexington Avenue, 9th Floor, New York, New York 10022. Suppl. Kundar Decl. ¶ 4; *see also* Ex. C to Suppl. Kundar Decl.

DCI is also a registered broker-dealer and a member of FINRA. FINRA's "Broker Check" website lists DCI's address as 641 Lexington Avenue, New York, New York 10022. *See* Suppl. Kundar Decl. ¶ 4 *see also* Ex. D to Suppl. Kundar Decl.

Because DCI is incorporated in New York, is based in New York County, and maintains its "Principal Executive Office" at 641 Lexington Avenue, 9th Floor, New York, New York 10022, DCI is "at home" in the Southern District of New York. *See Daimler*, 134 S.Ct. at 760-61 (legal entity is "at home" where it is incorporated and where its principal place of business is

---

both recently decided in this District, which hold that the due process limits articulated in the *Daimler* Trilogy apply to Section 1782 applications.

3

located). Accordingly, this Court has general jurisdiction over DCI and may properly authorize the issuance of a subpoena to DCI pursuant to Section 1782. *See id.*

**II.     The Bond Department**

While the Government of Israel is a sovereign, and it and its Ministry of Finance might otherwise be immune from suit, it has waived its sovereign immunity and

> irrevocably agree[d] not to assert any defense based on immunity, including sovereign immunity, from jurisdiction to which it might otherwise be entitled in any action arising out of or based on the terms of ***the bonds*** which might be instituted by the owner of any bonds of any issue in any federal court in the Southern District of New York, any state court in the City of New York or in any competent court in Israel.

Shapira Decl. ¶ 8 (emphasis added); *see also* Ex. B to Shapira Decl. Because the Bond Department has consented to this Court's jurisdiction, this Court is empowered to order the issuance of a subpoena to the Bond Department pursuant to Section 1782. *See, e.g., Rockefeller Univ. v. Ligand Pharms.*, 581 F.Supp. 2d 461 (S.D.N.Y. 2008) (exercising general jurisdiction over party consenting to jurisdiction in the forum).

It is also well to note that the Bond Department may be found in the Southern District of New York by virtue of conducting business there and maintaining offices at 800 Second Avenue, New York, New York 10017. Suppl. Kundar Decl. ¶ 7; Shapira Decl. ¶ 7; Ex. B to Shapira Decl., p.1. Indeed, the Supplement to the Prospectus Supplement Dated January 1, 2013 for State of Israel Jubilee Fixed Rate Bonds (Seventh Series), which applies to the First Bond and the Second Bond (the "Prospectus"), provides:

> The Authorized Representative of the State of Israel in the United States of America is the Consul and Chief Fiscal officer for the Western Hemisphere, Ministry of Finance of the State of Israel, whose address is 800 Second Avenue, 17th Floor, New York, New York 10017.

Ex. B to Shapira Decl., pp.7-8. Because the Bond Department maintains offices at 800 Second Avenue, New York, New York 10017, and because the Consul and Chief Fiscal Officer for the Western Hemisphere for the Ministry of Finance of the State of Israel is located at 800 Second Avenue, New York, New York 10017, this Court may properly authorize the issuance of a subpoena to the Bond Department pursuant to Section 1782.

Finally, Applicants submit that because the gravamen of Applicants' claims in the Argentine Proceeding is the redemption and payment of the First Bond and the Second Bond, this Court also has specific jurisdiction over the Bond Department – which issued the First Bond and the Second Bond. *See Australia*, 2017 WL at *5 (courts may assume specific jurisdiction in context of nonparty discovery requests); *Gucci*, 135 F.Supp. 3d at 99 (exercising specific jurisdiction over non-party which "purposefully availed itself of this forum" and engaged in conduct in the forum "sufficiently related to the . . . action that is the subject of this dispute").

### III. Computershare and the Bank of Nova Scotia

Computershare may be found in the Southern District of New York by virtue of conducting business there and maintaining offices at 1290 Avenue of the Americas, 9th Floor, New York, New York 10104. Suppl. Kundar Decl. ¶ 5. Further, according to Computershare's filings with the Secretary of State of the State of New York, Computershare's CEO has his office at 1290 Avenue of the Americas, 9th Floor, New York, New York 10104. *Id.*; *see also* Ex. E to Suppl. Kundar Decl. The Bank of Nova Scotia may also be found in the Southern District of New York by virtue of conducting business there and maintaining offices at 250 Vesey Street, 23rd and 24th Floors, New York, New York 10281. Suppl. Kundar Decl. ¶ 6. As shown in the following paragraphs, this Court has specific jurisdiction over Computershare and the Bank of Nova Scotia because they "purposefully availed [themselves] of this forum and . . . [their]

conduct [is] sufficiently related to the . . . action that is the subject of this dispute." *Gucci Am., Inc. v. Weixing Li*, 135 F.Supp. 3d 87, 99 (S.D.N.Y. 2015); *see also Helicopteros*, 466 U.S. at 414 n.8 (courts may exercise personal jurisdiction over legal entity where issues or claims "aris[e] out of or relat[e] to the [entity's] contacts with the forum").

Shortly after the maturity date of the First Bond, it was discovered that the proceeds of the First Bond had been paid to someone other than Applicants, the rightful heirs of Manuel's estate. Shapira Decl. ¶ 2. However, Applicants' Argentine counsel was able to obtain the proceeds of the Second Bond for Applicants. Shapira Decl. ¶ 3.

The check for the proceeds of the Second Bond was drawn on an account with the Bank of Nova Scotia, and states that it is:

> Payable through the Agency of
> The Bank of Nova Scotia
> One Liberty Plaza, New York, NY 10006

Shapira Decl. ¶ 4; *see also* Ex. A to Shapira Decl. Accordingly, the proceeds of the Second Bond were paid to Applicants by the Bank of Nova Scotia in New York, New York. *Id.*

"Computershare" is also specified on the memo accompanying the check. *Id.* Moreover, the Prospectus defines "Fiscal Agent" to include "Computershare Inc." Shapira Decl. ¶ 5; Ex. B to Shapira Decl., p.S-1. In addition, the Supplement portion of the Prospectus states that bondholders may obtain copies of Israel's filings with the SEC "at the offices of the fiscal agent in New York City." Shapira Decl. ¶ 5; Ex. B to Shapira Decl., p.S-3.

It is also well to note that the Second Bond was redeemed and the proceeds were paid just two months following the redemption of the First Bond. Shapira Decl. ¶ 7. Accordingly, Applicants reasonably believe that the First Bond was redeemed and the proceeds were paid in the same manner as the Second Bond was redeemed and the proceeds were paid. *See id.*

6

On the basis of this evidence, Applicants submit that Computershare was involved in processing the redemptions of the First Bond and the Second Bond. *See* Shapira Decl. ¶¶ 4-7; *see also* Exs. A and B to Shapira Decl. Further, Applicants submit that Computershare's ties to the Southern District of New York are established by the facts that Computershare maintains offices in New York, New York, Computershare's CEO is based in New York, New York, the Prospectus includes Computershare in its definition of "Fiscal Agent," and the Prospectus states that Israel's filings with the SEC are maintained "at the offices of the fiscal agent in New York City." *See, supra,* pp.5-6.

Applicants also submit that the Bank of Nova Scotia was involved in paying the proceeds of the First Bond and the Second Bond in New York, New York. *See* Shapira Decl. ¶ 4; *see also* Ex. A to Shapira Decl. It is also highly likely that the documents and records requested from the Bank of Nova Scotia are located in the Southern District of New York, as the Bank Secrecy Act requires American "agencies" of foreign banks to maintain records of all of their transactions for five years. *See* 31 C.F.R. § 501.601.

In sum, there is sufficient specific jurisdiction to warrant this Court in issuing an Order authorizing service of subpoenas upon Computershare and the Bank of Nova Scotia pursuant to Section 1782. *See Gucci*, 135 F.Supp. 3d at 99 (exercising specific jurisdiction where non-party "purposefully availed [itself] of this forum and . . . [its] conduct was sufficiently related to the . . . action that is the subject of this dispute").

Applicants also note that should any of the parties to be subpoenaed elect not to comply with Applicants' discovery requests, it is entitled to seek to quash and/or modify its subpoena, *see* Fed. R. Civ. P. 45(d)(3), or to seek a protective order, *see* Fed. R. Civ. P. 26(c). *See also Gushlak v. Gushlak*, 486 F.App'x 215, 217 (2d Cir. 2012) (granting *ex parte* Section 1782

7

application and concluding that "[t]he respondent's due process rights are not violated because [it] can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(d)(3)").

## CONCLUSION

The requirements of due process have been met. For these reasons, this Court should grant this application in all respects and award Applicants such other and further relief as this Court may deem just and proper.

Dated: December 22, 2017
New York, New York

Respectfully submitted,

**FOX HORAN & CAMERINI LLP**
Attorneys for Applicants

By: _____
Kathleen M. Kundar (KK1674)
Jami L. Mevorah (JM0527)
825 Third Avenue
New York, New York 10022
Tel.: (212) 480-4800
Fax: (212) 269-2383
Email: kmkundar@foxlex.com
Email: jmevorah@foxlex.com